**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **PRISCILLA PINEDA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:21-00089-JB-N** |
| | ) | |
| **MARLOWE ELECTRIC, LLC, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER APPROVING FLSA SETTLEMENT, ATTORNEYS' FEES, AND COSTS

This matter is before the Court on the Parties' Joint Motion for Approval of Settlement Through Entry of Stipulated Judgment ("Motion"). (Doc. 18). Upon review of the Motion and the proposed order of settlement (Doc. 18-1), and being fully advised as to the substance of this action, it is hereby **ORDERED**:

1.      The Motion is granted. The Court hereby approves the proposed settlement, finding its terms are fair, reasonable, and adequate, and that it constitutes a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). The settlement encompasses all of Plaintiff's claims, including FLSA claims, race discrimination, harassment, retaliation and hostile work environment claims pursuant to 42 U.S.C. Section 1981, breach of contract, and unjust enrichment. The parties agree Plaintiff is the prevailing party for purposes of the FLSA.

2.      The Court approves the parties' approach to settlement as represented in section II. C. of the Motion. The parties represent their negotiation of Plaintiff's backpay, liquidated, and compensatory contract damages was conducted arm's-length, and that settlement discussions

were bifurcated such that only after backpay damages were agreed were other components of settlement, including attorney's fees and costs, discussed.

3.      The Court finds the settlement avoids risks as to both liability and damages, and the settlement was the product of arm's-length negotiations between parties represented by competent counsel.  The Court acknowledges that the settlement is not an admission by Defendants of any willful violation of any provisions of the FLSA, Alabama common law, or 42 U.S.C. Section 1981.

4.      The Court hereby approves the monetary distributions and tax implications of the settlement as fair and reasonable, including as follows:

a.      The Court hereby approves the gross settlement payment of Fifteen Thousand Dollars ($15,000.00) ("GSP"), inclusive of attorney's fees and costs, the manner and installments in which it is to be paid as set out in paragraph 12 of the Motion, and the allocation of the GSP as follows:

   i.   The amount of $1,890.00 shall be paid directly to Plaintiff as backpay damages, taxed as wages earned for the period of March 2019 to December 2019, subject to tax withholding, payroll deductions, and issuance of a W-2.

   ii.  The amount of $13,110.00 shall be paid as liquidated, compensatory, and Section 1981 damages for Plaintiff's remaining claims, with the issuance of a 1099.

b.      Counsel requests $6,456.00 in attorney's fees and costs.  Counsel and Plaintiff entered into a fee-shifting/contingency employment contract whereby counsel was to

receive forty percent (40%) of the total recovery plus costs, or attorney's fees and costs awarded, whichever is greater if a recovery is obtained.  Counsel represents that, at the time of filing the Motion, he had spent over 29 hours at a lodestar rate of $300 per hour, such that his fee would then be $8,700.00 exclusive of costs.  Counsel's acceptance of a $6,000.00 attorney fee would produce an hourly rate of approximately $207.00 per hour, which the Court deems reasonable.  Counsel will also continue to provide consultation to Plaintiff during the distribution of settlement proceeds.  The Court hereby approves Plaintiff counsel's request of $6,456.00 as an award of fees and costs, which amount shall be paid from the compensatory and liquidated portion of the settlement and not from the backpay damages owed to Plaintiff.

     5.     In all other respects, the parties' settlement is approved and the parties shall comply with the terms therein.

     **DONE and ORDERED** this 27th day of June, 2022.

/s/ JEFFREY U. BEAVERSTOCK     
CHIEF UNITED STATES DISTRICT JUDGE